**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-4629

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

      v.

CRISTOBAL SILVERIO, a/k/a Christopher,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Anthony J. Trenga, District Judge. (1:12-cr-00041-AJT-3)

Submitted: February 26, 2013      Decided: March 11, 2013

Before WILKINSON and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jonathan A. Simms, SIMMS & HARRIS, PLLC, Fairfax, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Lisa Owings, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cristobal Silverio pled guilty to possession of a firearm by a convicted felon and subsequently was convicted at trial of conspiracy to distribute 500 grams or more of cocaine, possession with intent to distribute cocaine, and possession of a firearm in furtherance of a drug trafficking crime. He received an aggregate sentence of 120 months in prison. Silverio now appeals, claiming that the district court erred in denying his motion to sever his trial from that of his co-defendant, Martin Morales Benavente. We affirm.

"If the joinder of . . . defendants in an indictment . . . appears to prejudice a defendant or the government, the court may . . . sever the defendants' trials." Fed. R. Crim. P. 14(a). However, "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537 (1993). "Joinder is particularly favored in conspiracy cases." United States v. Montgomery, 262 F.3d 233, 244 n.5 (4th Cir. 2001).

To prevail on a motion to sever, the defendant bears the burden of establishing:

> (1) a bona fide need for the testimony of his co-defendant; (2) the likelihood that the co-defendant would testify at a second trial and waive his Fifth Amendment privilege; (3) the substance of his co-defendant's testimony; and (4) the exculpatory nature and effect of such testimony.

2

United States v. Parodi, 703 F.2d 768, 779 (4th Cir. 1983). We review the denial of a defendant's motion to sever his trial from that of a co-defendant for abuse of discretion. United States v. Medford, 661 F.3d 746, 753 (4th Cir. 2011).

During the colloquy on Silverio's motion, counsel was equivocal as to whether Benavente would testify on Silverio's behalf if the motion were granted. Accordingly, Silverio failed to establish the second requirement under Parodi. Because a defendant seeking a severance must establish all four of the Parodi factors, Medford, 661 F.3d at 754, we conclude that the district court did not abuse its discretion in denying Silverio's motion.

We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED